# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-17-228-F |
| | ) | |
| TROY ALLEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

A supervised release revocation hearing was held in this case on June 14, 2021. At that hearing, there was a fair amount of discussion as to the legality and necessity of a condition of supervised release relating to polygraph examination. The proposed condition is as follows:

> The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he is in compliance with the requirements of his supervision or treatment program. Any refusal to submit to polygraph testing as scheduled is a violation of the conditions of supervision

Doc. no. 67, filed June 11, 2021, at p. 7.

The court has broad discretion in crafting and imposing conditions of supervised release. However, in exercising that discretion, the court must determine whether a proposed condition is reasonably related to certain of the § 3553(a) factors, which are: (i) the nature and circumstances of the offense and the history and characteristics of the defendant, (ii) deterrence of criminal conduct, (iii) protection of the public from further crimes of the defendant, and (iv) the provision of

educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As the defendant correctly acknowledges, doc. no. 71, at 2, a condition need not be reasonably related to *all* of these factors, as long as it is reasonably related to at least one of these factors. United States v. Hahn, 551 F.3d 977, 983-84 (10th Cir. 2008). The court is also mindful of its obligation to refrain from imposing any greater deprivation of liberty than is reasonably necessary to effectuate these penal goals.

The court concludes that imposition of a modified version of the proposed condition should be imposed, to be applicable for a limited period of time (subject to being extended).

The court finds that the proposed polygraph condition is directly related to the nature and circumstances of the offense, the history and characteristics of the defendant, the deterrence of criminal conduct, and the protection of the public from further crimes of the defendant. As the government correctly points out, the defendant is a serial harasser of women. Cell phone communication is his preferred method of harassment. As shown by the offense of conviction, the presentence report, and the defendant's track record while on supervision, the defendant has engaged in appallingly vicious and cruel behavior toward women. As was discussed at the hearing, and as is described in more detail in the violation report, this behavior has continued during the defendant's post-release supervision.

The court is mindful that the defendant is, in any event, subject to a noticeably intrusive search condition. However, that condition, intrusive though it is, falls far short of enabling the probation office to determine with certainty whether the defendant has engaged in additional vicious conduct toward women. The court concludes quite readily that a polygraph condition, limited as will be set forth below, directly relates to the nature and circumstances of the offense, the history and

characteristics of the defendant, the deterrence of criminal conduct and the protection of the public from further crimes of the defendant. The short of the matter is that the defendant persistently engages in the type of conduct which brought him before the court in the first place. The court perceives, however, that the defendant is easily intelligent enough to understand that further behavior of this type will carry even more serious consequences than those which were imposed at the hearing last month. This is what deterrence is all about. If the defendant is deterred (18 U.S.C. § 3553(a)(2)(B)), then the public is protected (§ 3553(a)(2)(C). And, as witness what the court considers to be the defendant's false statements at the revocation hearing, taken together with other plainly deceptive conduct by this defendant, the court concludes, separately, that the polygraph condition is clearly related to the defendant's history and characteristics, within the contemplation of § 3553(a)(1).

The court is concerned, however, about the possibility of a Fifth Amendment violation which might flow from implementation of the proposed condition as drafted by the probation office. The court need not reach any legal conclusion on that issue. The court concludes, instead, that the second sentence of the proposed condition ("Any refusal to submit to polygraph testing as scheduled is a violation of the conditions of supervision") should be deleted and the following sentence substituted for that sentence: "Should the defendant elect to invoke his right against self-incrimination during a polygraph examination, that invocation of his Fifth Amendment right will not constitute a violation of his conditions of supervised release." Accordingly, as modified, the new condition will read as follows:

> The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he is in compliance with the requirements of his supervision or treatment program. Should the defendant elect to invoke his right against self-incrimination during a polygraph examination, that invocation of his Fifth Amendment right will not constitute a violation of his conditions of supervised release.

In addition, the court, remaining mindful of the intrusive nature of a polygraph condition, determines that the polygraph condition shall expire one year from the date of the defendant's release from the term of incarceration recently imposed by the court, subject to being extended by the court, upon notice, if, at the instance of the probation office or on motion of the government, the court determines that there is good cause, consonant with the provisions of § 3583(d), to extend the duration of the polygraph condition.

IT IS SO ORDERED this 6th day of July, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0228p010.docx